JUSTICE RICE,
concurring in part and dissenting in part.
¶62 I concur with the Court’s holdings under Issues 1, 2, and 3 regarding the Deputies’ salary calculations. However, I dissent from the Court’s holdings under Issues 4 and 5.
¶63 With respect to Issue 4, I disagree that the County engaged in “repeated violations” simply because its miscalculation of wages affected multiple deputies over the course of multiple pay periods. I believe the federal definition of “repeated violations” provides a persuasive basis for concluding that an employer should not receive additional punishment for failing to correct its violation unless it has been made aware of its violation through notice from a responsible official or pursuant to a previously adjudicated violation. Opinion, ¶ 46; 29 C.F.R. § 578.3 (2006). I see no reason to distinguish the federal rule on the ground that its penalties are to be paid to the government, while Montana requires that penalties be paid to the employees who have been shortchanged. This is a notice issue. Without knowledge that a violation is occurring, an employer should not receive an increased penalty for “repeating” that violation.
¶64 Moreover, even under the Court’s plain meaning approach to “repeated violations,” (¶ 49), I still do not agree that more than one violation occurred here. In my view, paying multiple employees an incorrect amount for a single period of time-be it one pay period or multiple pay periods-amounts to a single violation. As the County argues, to hold otherwise will lead to the absurd result that virtually all wage claims will involve “repeated violations” and will warrant *224 recovery of penalties for the extended three-year period because the violations cover more than one consecutive pay period. We should be mindful that the employer will be assessed penalties in any event; the entire rationale for adding an additional year’s worth of penalties is to punish those employers who consciously disregard our wage statutes, and to deter those employers who would try to get away with multiple, distinct violations. The County aptly points out that “[i]f the employer does not have some official notice that it is paying [wages] in error, punishing that employer makes little sense.” Indeed, an additional year of penalties will not deter an employer who is unaware it is doing something wrong. Whether we adopt the federal definition, or use a plain meaning approach to “repeated violations,” adding an additional year of penalties for a repeat violation accomplishes nothing if the employer is unaware that it violated our wage laws in the first place. ¶65 Finally, under Issue 5, I reiterate my belief that the administrative rules setting penalty floors for wage violations are defective because they infringe upon and are in conflict with the broad discretion to impose penalties granted by § 39-3-206, MCA. I thus dissent to the Court’s analysis under Issue 5 for the reasons set forth in my dissent in Kuhr v. City of Billings, 2007 MT 201, ¶¶ 48-52, 338 Mont. 402, ¶¶ 48-52, 168 P.3d 615, ¶¶ 48-52. Although I would also reverse on this issue, I would remand to the District Court for imposition of the appropriate penalty pursuant to the discretion granted by the statute.